**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID J. NEWTON,

    Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

    Respondent - Appellee.

No. 09-5070
(D.C. No. 4:06-CV-00093-JHP-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

    Petitioner-Appellant David J. Newton, a state prisoner appearing *pro se*, seeks a

certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(1)(A) to challenge the

federal district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C.

§ 2254. In his habeas petition, Mr. Newton raised claims of ineffective assistance of trial

and appellate counsel. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a).

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the appellate record, Petitioner's application for a
certificate of appealability, and other filings, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this matter. *See* Fed. R. App. P. 34(a). The case is therefore
ordered submitted without oral argument.

Affording a solicitous construction to Mr. Newton's *pro se* filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we hold that no reasonable jurist could conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Accordingly, we **DENY** Mr. Newton's application for a COA and **DISMISS** his appeal.

## BACKGROUND

Mr. Newton was convicted of first-degree rape in the Tulsa County District Court of the State of Oklahoma. He was sentenced to 400 years' imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Newton's conviction. Mr. Newton then filed a *pro se* application for post-conviction relief in the state district court. The state district court denied post-conviction relief. The OCCA affirmed the denial of post-conviction relief. Mr. Newton then sought § 2254 habeas relief in the District Court for the Northern District of Oklahoma based on ineffective assistance of trial and appellate counsel. The district court denied Mr. Newton relief. Mr. Newton filed a motion for a COA, which the district court also denied. Mr. Newton now renews his request for a COA.

## STANDARD OF REVIEW

A petitioner may appeal the denial of federal habeas relief under § 2254 only if a COA is issued. 28 U.S.C. § 2253(c)(1)(A). "This is a jurisdictional prerequisite . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see* Fed. R. App. P. 22(b)(1). A COA may not issue under § 2253(c)(1) unless "the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Our inquiry requires a "preliminary, though not definitive, consideration of the [legal] framework." *Miller-El*, 537 U.S. at 338. A prisoner seeking a COA need not demonstrate his or her appeal will succeed to be entitled to a COA; however, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

## DISCUSSION

Mr. Newton seeks a COA to challenge the federal district court's denial of his habeas corpus petition. He raises the same two claims he made in his habeas petition before the federal district court. First, he claimed that his "[a]ppellate counsel failed to use direct controlling cases[,] . . . to competently raise [his] Fourth Amendment claims[,] and to file Trial Counsel's ineffective assistance claim." R., Vol. 1, Doc. 67, at 5 (Dist. Ct. Op. and Order, dated April 17, 2009). Second, he claimed that his "[t]rial counsel failed to competently litigate [his] Fourth Amendment issues before the Trial Court and failed to use direct controlling cases to support the issue." *Id.*

Because the OCCA addressed Mr. Newton's ineffective assistance of appellate counsel claim on the merits in affirming the denial of post-conviction relief, the district

court applied the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under

AEDPA, if a claim already has been adjudicated on the merits in state court proceedings,

a petitioner is entitled to federal habeas relief only if he can establish that the state court's

adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). "Subsection (d)(1) governs claims of legal error while

subsection (d)(2) governs claims of factual error." *House v. Hatch*, 527 F.3d 1010, 1015

(10th Cir. 2008), *cert. denied*, 129 S. Ct. 1345 (2009).

The Supreme Court's decision *Strickland v. Washington*, 466 U.S. 668 (1984),

governs claims of ineffective assistance of counsel. Under *Strickland*, a defendant must

show that his counsel's performance was constitutionally deficient and that the deficient

performance was prejudicial. *Strickland*, 466 U.S. at 687; *see Sandoval v. Ulibarri*, 548

F.3d 902, 909 (10th Cir. 2008) ("Under *Strickland*, [a defendant] must show that

counsel's performance fell below an objective standard of reasonableness as measured

against prevailing professional norms, and . . . that there is a reasonable probability that

the outcome would have been different but for counsel's inadequate performance."),

*petition for cert. filed*, __ U.S.L.W. __ (U.S. Apr. 27, 2009) (No. 08-10772). In the case

of a claim that appellate counsel mishandled an issue on direct appeal, there is a distinct

kind of analysis that ordinarily must be undertaken:

> When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (citation omitted).

The district court found that Mr. Newton failed to establish that the OCCA's adjudication of the ineffective assistance of appellate counsel claim was an unreasonable application of *Strickland*. Consequently, it found that Mr. Newton was not entitled to habeas relief under the deferential AEDPA standard of review.

Regarding Mr. Newton's second claim, the OCCA, on post-conviction appeal, determined that Mr. Newton's claim for ineffective assistance of trial counsel was procedurally barred because it could have been but was not raised on direct appeal. In making its determination whether to deny Mr. Newton's second claim, the district court did not address whether the ineffective assistance of trial counsel claim was procedurally barred. Rather, it found that "even if Petitioner's claim of ineffective assistance of trial counsel [was] not procedurally barred, Petitioner is not entitled to habeas corpus relief because under *Strickland*, the claim lacks merit." R., Vol. 1, Doc. 67, at 14.

After examining the record on appeal, Mr. Newton's COA application, and other filings, we have determined that the district court's reasoning and conclusions are sound. More specifically, no reasonable jurist could debate whether the district court properly

resolved Mr. Newton's petition for habeas relief. *See Slack*, 529 U.S. at 484. In sum, Mr. Newton has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons set forth above, we **DENY** Mr. Newton's application for a COA and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge