FILED
United States Court of Appeals
Tenth Circuit

March 1, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID JEWEL NEWTON,

　　　　Petitioner-Appellant,

v.

DAVID PARKER, Warden,

　　　　Respondent-Appellee.

No. 11-5148
(D.C. No. 4:11-CV-00529-CVE-FHM)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

On August 23, 2011, David Jewel Newton, a state prisoner proceeding pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the district court in which he argued that he was actually innocent and received an illegal sentence. The court dismissed the petition without prejudice for lack of jurisdiction because Mr. Newton had not obtained authorization from this court to file a second or successive petition. Because no reasonable jurist would find it debatable that the court was correct in denying relief under Mr. Newton's motion

---

[*]　　This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to alter or amend the judgment, we deny a certificate of appealability (COA) and dismiss the appeal. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal the dismissal of a claim under § 2254).

In 2004, Mr. Newton was convicted in Oklahoma of first-degree rape. His conviction and sentence were affirmed on direct appeal. In 2006, he filed his first § 2254 habeas petition challenging the state conviction and sentence. The district court denied the petition. This court denied his request for a COA in *Newton v. Dinwiddie*, 342 F. App'x 421, 422 (10th Cir. 2009).

In an order dated September 26, 2011, the district court concluded that "the petition filed in this case is [Mr. Newton's] second habeas petition and he was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition." R., Vol. 1 at 52. As such, the court "dismissed the [petition] without prejudice for lack of jurisdiction. Should [Mr. Newton] obtain authorization from the Tenth Circuit, he may refile his petition in this Court." *Id.*[1]

---

[1] On August 26, 2011, just three days after he filed his second § 2254 habeas petition in the district court, Mr. Newton sought authorization from this court to file a second or successive § 2254 petition. In denying his authorization motion, we held, among other things, that Mr. Newton failed to meet the conditions in 28 U.S.C. § 2244(b)(2)(B)(ii), because the newly-discovered facts in his proposed claim did not establish actual innocence. *In re Newton*, No. 11-5121 (10th Cir. Sept. 27, 2011) (unpublished order).

Mr. Newton then filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the district court's September 26, 2011 order.  The court treated the motion as a true motion for relief from judgment and denied it.  Mr. Newton seeks a COA to appeal that denial.

We construe Mr. Newton's pro se filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  But Mr. Newton has not – nor could he – make a case that the district court was wrong in holding that he was required to obtain this court's permission to file a second or successive § 2254 habeas petition.

Where a habeas petitioner brings a "true" motion for post-judgment relief, "we will require the movant to obtain a certificate of appealability . . . before proceeding with his or her appeal."  *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006).  In such circumstances, we ordinarily "appl[y] the two-part COA standard the Supreme Court first articulated in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)."  *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007).  In turn, *Slack* holds that where the district court denies a habeas petition on procedural grounds, a COA should not issue unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484 (emphasis added).

No jurist of reason could debate whether the district court abused its discretion in denying Mr. Newton's Rule 59(e) motion. Under 28 U.S.C. § 2244(b)(3)(A), Mr. Newton was required to receive authorization from this court before filing his second or successive § 2254 habeas petition in the district court. "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court . . . or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). We DENY a COA and dismiss the appeal.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk