**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY W. CLAY,

      Plaintiff - Appellant,

v.

FERN SMITH, Assistant District
Attorney; WES LANE, District
Attorney; OKLAHOMA COUNTY
DETENTION CENTER; FOLMAR,
Officer; JOHN WHETSEL, Sheriff;
SUSAN CASWELL, (Former) Judge;
BILL GRAVES, Judge; DAVID W.
PRATER,

      Defendants - Appellees.

No. 09-6122
(D.C. No. CV-08-85-W)
(W.D. Okla.)

---

TIMOTHY W. CLAY,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 09-6133
(D.C. No. CV-08-68-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

    [*]  This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the
(continued...)

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Timothy Clay, a state prisoner appearing pro se, seeks to appeal from the district court's denial of his motion under Federal Rule of Civil Procedure 60(b)(6) to stay the proceedings of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Separately, he appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights suit. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291, we (1) **DENY** Mr. Clay a certificate of appealability ("COA") to appeal from the district court's order concerning his § 2254 petition and, accordingly, **DISMISS** that matter (Case No. 09-6133); and (2) **AFFIRM** the district court's judgment with regard to the § 1983 lawsuit (Case No. 09-6122).

## BACKGROUND

On the night of November 26, 2004, Officer Anne Folmar responded to a report of an intoxicated man stepping into traffic at a busy intersection in southwest Oklahoma City. She discovered Mr. Clay sitting on the curb with his feet in the street and tried to approach him, but he walked away. Officer Folmar called for backup and followed Mr. Clay to his apartment complex a short

[*](...continued)
appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

distance away.  When she arrived, Mr. Clay was using a butcher knife to cut pieces of chicken to cook on a grill.  Upon seeing Officer Folmar, he approached her, waiving the butcher knife and threatening to kill her.  Officer Folmar's backup arrived, and, after a brief struggle, Mr. Clay was arrested.

After Mr. Clay was processed at the jail facility that night, Officer Folmar prepared and presented to jail personnel a probable cause affidavit describing the facts of Mr. Clay's assault upon her.  The following Tuesday, November 30, 2004, Mr. Clay received a hearing via video conference in which the judge determined that probable cause existed to hold Mr. Clay for the assault.  Mr. Clay is now serving a 44-year sentence for assault with a dangerous weapon, after former conviction of two or more felonies.

## I.    Mr. Clay's § 2254 Petition

On January 17, 2008—approximately three years after these events took place—Mr. Clay filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging that he was arrested without proper process, denied effective assistance of counsel, convicted without sufficient evidence, and prejudiced by the district court's improper jury instructions at trial.  The district court, adopting the recommendations of the magistrate judge, dismissed the case without prejudice because Mr. Clay had not exhausted state court remedies.  Mr. Clay attempted several times to supplement or amend his habeas petition, but the

district court denied all of these motions as futile because they did not cure the exhaustion problem.

Finally, Mr. Clay filed a Motion for Stay and Abeyance. Noting that "I know it took a long time to finally understand my unexhausted claims, but I've got it now," Mr. Clay sought in the motion additional time to exhaust his claims in state court. R. at 301 (Mot. for Stay and Abeyance, filed May 29, 2009). He wanted to avoid dismissal of his federal habeas action during this period out of concern that any subsequent, post-exhaustion habeas action would be barred by the statute of limitations under 28 U.S.C. § 2244(d)(1). The magistrate judge construed this filing as a Rule 60(b)(6) motion for relief from a final judgment and recommended denying the motion.

The magistrate judge observed that, rather than filing a post-judgment motion, Mr. Clay should have pursued his request for a stay by appealing the dismissal of his habeas petition. In any case, the magistrate judge was unpersuaded by Mr. Clay's claims of confusion: "Petitioner was clearly and repeatedly advised by this Court of the requirement that he exhaust state court remedies as to each of his habeas claims before filing a new petition." R. at 307 (Third Supplemental Report & Recommendation, filed June 9, 2009). Yet "[i]nstead of returning to the state courts to exhaust his available remedies concerning each of the unexhausted claims . . . , Petitioner continued to file multiple motions in this case seeking to amend the previously-dismissed

Petition." *Id.* at 308. For this reason, according to the magistrate judge, Mr. Clay's motion fell short of the "extraordinary circumstances" requirement of Rule 60(b)(6). *Id.* The district court adopted the magistrate judge's Report and Recommendation and denied Mr. Clay's Rule 60(b)(6) motion.

Mr. Clay timely appealed the district court's denial of his Rule 60(b)(6) motion. He also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, and an application for a COA pursuant to 28 U.S.C. § 2253(c).

## II. Mr. Clay's § 1983 Claims

Contemporaneously with his § 2254 petition, Mr. Clay filed suit under 42 U.S.C. § 1983 against Officer Folmar and other state officials, alleging that their actions deprived him of his constitutional rights. Specifically, he claimed that his arrest violated his Fourth Amendment rights because Officer Folmar did not obtain a proper warrant prior to his arrest. Mr. Clay also claimed that he was deprived of due process because he was not released within 48 hours of his arrest. He sought money damages and release from imprisonment.

The magistrate judge recommended that Mr. Clay's claims for monetary relief against each of the defendants be dismissed for various reasons, including improper pleading, statute of limitations, judicial immunity, prosecutorial immunity, and the Eleventh Amendment. The magistrate judge recommended dismissing Mr. Clay's claims for injunctive relief against all defendants because such relief is not cognizable in a § 1983 suit. The district court adopted the

recommendations of the magistrate judge and dismissed all Mr. Clay's claims without reaching the merits.

Mr. Clay timely appealed. He filed a motion with the district court seeking IFP status, but the district court denied the motion because Mr. Clay had failed to file the supporting documentation required by 28 U.S.C. § 1915(a)(2). Even if Mr. Clay had filed the proper materials, the district court held that he could not present a reasoned, nonfrivolous argument on appeal and certified, pursuant to § 1915(a)(3), that his appeal was not taken in good faith. Mr. Clay again moved for IFP status before this court.

### DISCUSSION

### I.     Mr. Clay's § 2254 Petition

The district court construed Mr. Clay's most recent filing in his § 2254 case as a Rule 60(b)(6) motion seeking a stay of the habeas proceedings. Mr. Clay has not objected to this characterization of his filing, and we have no reason to question the appropriateness of it. Mr. Clay sought additional time to exhaust state remedies before the one-year clock found at 28 U.S.C. § 2244(d)(1) barred him from refiling his federal petition. To appeal the district court's denial of his motion, Mr. Clay must first obtain a COA under 28 U.S.C. § 2253(c). We construe Mr. Clay's pro se pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but because he does not argue—and cannot show—that

the district court abused its discretion in denying his Rule 60(b)(6) motion, we must deny his request for a COA.

A COA is a jurisdictional prerequisite requiring a habeas petitioner to make "a substantial showing of the denial of a constitutional right" before he may appeal from the denial of a § 2254 motion. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where, as here, a habeas petitioner brings a "true" Rule 60(b) motion challenging the resolution of a habeas petition, "we will require the movant to obtain a certificate of appealability . . . before proceeding with his or her appeal." *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). However, given the typically procedural nature of rulings on Rule 60(b) motions, we ordinarily have "applied the two-part COA standard the Supreme Court first articulated" in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007). In *Slack*, the Supreme Court made clear that, where the district court denies a habeas petition on procedural grounds, we may not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484

(emphasis added); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008)

("If the application was denied on procedural grounds, the applicant faces a

double hurdle.").[1]  "Where a plain procedural bar is present and the district court

is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Thus, we turn first to the procedural question of whether jurists of reason

could debate whether the district court abused its discretion in denying Mr. Clay's

Rule 60(b)(6) motion.  Abuse of discretion in this context raises a particularly

high hurdle, because relief under Rule 60(b) "is extraordinary and may only be

---

[1]     The Second Circuit has provided a noteworthy articulation of the substance of *Slack*'s two-part test, as applied in the specific context of Rule 60(b) motions:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam).  Speaking arguably in dictum, we noted favorably the Second Circuit's test, indicating that it dealt with the question of where in the context of procedural Rule 60(b) claims "to look for the source of the constitutional claim for part one of the [*Slack*] standard." *Dulworth*, 496 F.3d at 1137.  The conclusion the Second Circuit reached was that "it was appropriate to look to [petitioner's] underlying habeas petition." *Id.*

granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks omitted). "'Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong.'" *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (ellipsis in original) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

Mr. Clay nowhere argues that the district court erred in denying his Rule 60(b)(6) motion. Instead he repeats his claims of ineffective assistance of counsel, insufficient evidence to support his conviction, and errors involving jury instructions and jury conduct. But even if he had not waived this argument, jurists of reason could not debate whether the district court abused its discretion in denying Mr. Clay's Rule 60(b)(6) motion. It did not. Whatever may constitute exceptional circumstances under Rule 60(b)(6), Mr. Clay's failure to understand the concept of exhaustion falls far short of this mark. Our conclusion is bolstered by our cases in a roughly analogous context involving the equitable tolling doctrine, where a petitioner faces a similar burden. *See, e.g.*, *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (noting that equitable tolling relief is "limited to 'rare and exceptional circumstances'" (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000))). As *Laurson* observes, dyslexia, learning

disabilities, and illiteracy, standing alone, would not justify equitable tolling of the § 2244(d)(1) statute of limitations. *Id.* Similarly, reasonable jurists surely could not debate that the district court here was well within its discretion in finding that Mr. Clay's professed, but belated, epiphany concerning the need to exhaust his claims—which came only after the magistrate judge's multiple warnings to exhaust—did not qualify as an "exceptional circumstance" calling for relief under Rule 60(b)(6). We therefore deny Mr. Clay a COA to appeal the district court's denial of his motion.

Mr. Clay has also moved to proceed IFP in appealing the district court's dismissal of his § 2254 petition. Mr. Clay has not challenged the reasons the district court provided in denying his motion, so we conclude that he does not present a reasoned, nonfrivolous argument and that his appeal is not taken in good faith. We must, therefore, deny his request for IFP status. Mr. Clay is required to pay the full amount of the appellate filing fee; this obligation persists even though his request for a COA has been denied. *See Clark v. Oklahoma*, 468 F.3d 711, 714–15 (10th Cir. 2006).

## II.    Mr. Clay's § 1983 Claims

In appealing his § 1983 claims, Mr. Clay again argues that Officer Folmar did not have a proper warrant when she arrested him, and that she lacked probable cause to arrest him in any case. But Mr. Clay nowhere addresses the reasons given by the district court for dismissing his claims. We are compelled,

therefore, to deem his argument on these issues waived, and to affirm the district court's judgment dismissing his § 1983 suit.

We accord pro se filings a liberal construction, but this solicitation is bounded.

> [A]lthough we make some allowances for "the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)) (brackets omitted). We decline to take on such responsibility to make arguments for Mr. Clay and must hold that he has waived his chance to dispute the district court's reasoning here.[2]

Further, because Mr. Clay has not challenged the reasons given by the district court in dismissing his claims, he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *cf. Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting IFP motion

---

[2] Even if Mr. Clay had properly contested the findings of the district court, there is no reason to think he would have succeeded. In an abundance of caution we have reviewed the thorough reports and recommendations of the magistrate judge, and the orders of the district court. We detect no obvious errors in their analyses.

because arguments raised in appeal were not frivolous). We agree with the district court that Mr. Clay's appeal is not taken in good faith, *see Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007), and deny his motion for IFP status on his § 1983 appeal. Mr. Clay is directed to make full and immediate payment of the balance of his appellate filing fees.

## III. New Claim on Appeal

In both his § 2254 and § 1983 appeals, Mr. Clay alleges that he suffers from mental health problems and that he should have received medical care. Mr. Clay does not appear to have raised this claim in his filings in either case below. "We ordinarily do not decide issues raised for the first time on appeal," *Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009), and we see no reason to deviate from this rule here. We do not consider this claim.

## CONCLUSION

In his § 1983 brief, Mr. Clay states that "all I want is for the legal process to be measure[d] fairly." Aplt. Br. at 3. Likewise, in his application for a COA in his § 2254 case, Mr. Clay pleads that he "want[s] somebody to rule on the merit[s] of the case" rather than providing another procedural decision. Aplt. Application for Certificate of Appealability at 4. Mr. Clay has undertaken considerable effort and produced a mountain of filings, and we understand his frustration with navigating the legal system on his own. But he has received solicitous consideration from the judiciary of the State of Oklahoma, as well as

magistrate judges, district judges, and circuit judges of the federal judiciary. His legal process has indeed been measured fairly, even if it has not produced the results he seeks.

We **DENY** Mr. Clay's request for a COA to challenge the district court's denial of his Rule 60(b)(6) motion to stay his § 2254 proceeding and, accordingly, **DISMISS** that matter. We **AFFIRM** the district court's judgment dismissing Mr. Clay's § 1983 suit. Because we deem these appeals to be frivolous, we **DENY** Mr. Clay's motions to proceed *in forma pauperis* on both appeals and instruct him to make full and immediate payment of his appellate filing fees.

Entered for the Court

JEROME A. HOLMES
Circuit Judge