FILED
United States Court of Appeals
Tenth Circuit

October 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SALEEM EL-AMIN,

    Petitioner - Appellant,

v.

N.C. ENGLISH,

    Respondent - Appellee.

No. 19-3146
(D.C. No. 5:18-CV-03264-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Saleem El-Amin, a habeas petitioner proceeding pro se,[1] seeks to appeal the district court's order denying him relief from judgment under Federal Rule of Civil Procedure 60(b). To do so, El-Amin must first obtain a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1); *Eldridge v. Berkebile*, 791 F.3d 1239, 1243–44 (10th Cir. 2015) (holding that we treat individuals convicted in District of Columbia Superior Court as state prisoners who must obtain COA to appeal denial of federal habeas relief); *Spitznas v Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006) (holding

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe El-Amin's pro se pleadings, but we won't act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

that COA is required to appeal district court's order denying Rule 60(b) motion in habeas proceeding). For the reasons explained below, we deny El-Amin's request for a COA and dismiss this matter.

In 2014, a jury convicted El-Amin of armed robbery. During the trial, the judge opted not to instruct the jury on the lesser-included offense of assault with a dangerous weapon. The trial judge sentenced El-Amin to 120 months in prison. El-Amin appealed, arguing in part that the trial judge should have given the lesser-included-offense instruction. The District of Columbia Court of Appeals (DCCA) rejected that argument and affirmed. *See Elamin v. United States*, No. 14-CF-1134 (D.C. May 11, 2017) (unpublished).

El-Amin then filed this 28 U.S.C. § 2254 petition in federal district court, raising two ineffective assistance of counsel (IAC) claims. He alleged that his appellate counsel failed to (1) challenge the district court's decision not to instruct the jury on a lesser-included offense and (2) argue that the District of Columbia improperly charged him with the single crime of armed robbery under two different statutes, D.C. Code § 22-2801 and § 22-4502.

The district court rejected El-Amin's first IAC claim because it was indisputable that his appellate attorney did raise a lesser-included-offense argument; indeed, the DCCA addressed and rejected that argument. Next, the district court concluded that El-Amin's second IAC claim was unexhausted and procedurally barred because El-Amin failed to present it to the District of Columbia courts. *See* § 2254(b)(1)(A) (requiring petitioner to exhaust state-court remedies before federal

2

court can consider habeas petition). It also rejected this claim on the merits because the DCCA has held that it's proper to charge a defendant with the single crime of armed robbery under both § 22-2801 (which establishes the elements of robbery) and § 22-4502 (which establishes an additional penalty for committing crime while armed). *See Fadero v. United States*, 180 A.3d 1068, 1073 (D.C. 2018) (explaining that § 22-4502 can combine with other sections of D.C. Code to form "single, chargeable offense"). Thus, the district court denied El-Amin's § 2254 petition and declined to issue a COA. El-Amin sought to appeal the denial of his § 2254 petition, but we denied El-Amin's request for a COA. *See* Order, *El-Amin v. English*, No. 19-3063 (10th Cir. Sept. 13, 2019).

In addition to attempting to appeal the denial of his habeas petition, El-Amin filed a Rule 60(b) motion in district court, seeking relief from the district court's judgment. *See Spitznas*, 464 F.3d at 1215–16 (holding that habeas petitioner can file Rule 60(b) motion to challenge "a procedural ruling of the habeas court" or "a defect in the integrity of the federal habeas proceeding"). In particular, El-Amin asserted that the district court erred in holding that his second IAC claim was unexhausted and therefore procedurally defaulted. He further asserted a defect in the habeas proceeding, contending that the district court failed to address his second IAC claim.

The district court denied relief. It noted that relief under Rule 60(b) requires "extraordinary circumstances" that "will rarely occur in the habeas context." R. vol. 2, 37–38 (second quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). And it concluded that El-Amin didn't show any extraordinary circumstances or otherwise

3

meet any of the Rule 60(b) standards for relief from judgment. Thus, the district court denied the motion and declined to issue a COA.[2]

El-Amin now seeks a COA from this court. We may issue a COA only if El-Amin "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When, like here, a ruling on a Rule 60(b) motion does not address the merits of a petitioner's constitutional claims, we "have 'applied the two-part COA standard the Supreme Court first articulated' in *Slack v. McDaniel*, [529 U.S. 473 (2000)]." *Clay v. Smith*, 365 F. App'x 98, 102 (10th Cir. 2010) (unpublished) (quoting *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007), *abrogated in part on other grounds by Harbison v. Bell*, 556 U.S. 180 (2009)). That is, to obtain a COA, El-Amin must show both "that jurists of reason would find it debatable whether the [§ 2254] petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" on the Rule 60(b) motion. *Slack*, 529 U.S. at 484; *see also Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (concluding that court will issue COA on denial of Rule 60(b) motion if petitioner establishes both that "jurists of reason would find it debatable whether the underlying habeas

---

[2] The district court later denied El-Amin's second Rule 60(b) motion. El-Amin failed to file a notice of appeal from that order, but we construe his opening brief as a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 245 (1992) (holding that appellate brief was effective as notice of appeal). Nevertheless, in that opening brief, El-Amin fails to challenge any part of the district court's order denying his second Rule 60(b) motion. We therefore hold that he waived any such challenge. *See Grant v. Trammell*, 727 F.3d 1006, 1025 (10th Cir. 2013).

petition . . . states a valid claim of the denial of a constitutional right" and that

"jurists of reason would find it debatable whether the district court abused its

discretion in denying the Rule 60(b) motion"). As explained below, we begin (and

ultimately end) our analysis with the procedural half of this standard, concluding that

El-Amin fails to establish that the district court's Rule 60(b) ruling was debatable.

Under Rule 60(b), a court may relieve a movant from a final judgment for a

variety of reasons, including "any . . . reason that justifies relief." Fed. R. Civ. P.

60(b). Yet, as the district court noted in this case, "[r]elief under Rule 60(b) is

discretionary and is warranted only in exceptional circumstances." *Van Skiver v.*

*United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). And we review a district court's

order denying relief under Rule 60(b) for abuse of discretion. *Id.* at 1242–43. Thus,

when we combine the abuse-of-discretion standard with the procedural portion of the

COA standard from *Slack*, "the question . . . is whether a jurist of reason would find

it debatable that the district court abused its discretion" when it rejected the two

arguments in El-Amin's Rule 60(b) motion. *Bird v. Wyoming Attorney Gen.*, 2019

WL 2879908, at *2 (10th Cir. July 3, 2019) (unpublished).

El-Amin's primary argument on appeal repeats the primary argument in his

Rule 60(b) motion: he contends that the district court erred when it ruled that his

second IAC claim was unexhausted and thus procedurally defaulted. In support, he

cites *County Court of Ulster County v. Allen*, 442 U.S. 140 (1979), and *Crease v.*

*McKune*, 189 F.3d 1188 (10th Cir. 1999). But these two cases are inapposite. Both

involve issues of procedural bar that turned on whether a state court decided an issue

5

on procedural grounds rather than on the merits. *See Allen*, 442 U.S. at 148–49; *Crease*, 189 F.3d at 1192. But the district court's ruling here turned on exhaustion, which is about whether a petitioner presented a particular argument to the state court. *See, e.g.*, *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (noting that to exhaust claim, petitioner must "fairly present[]" claim to state court (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971))). And El-Amin nowhere argues that he presented his second IAC claim to the District of Columbia courts. Thus, the exhaustion argument in El-Amin's Rule 60(b) motion lacks merit, and reasonable jurists therefore could not debate whether the district court abused its discretion when it rejected this argument and denied relief under Rule 60(b). *See Slack*, 529 U.S. at 484.

El-Amin also briefly asserts, as he did in his Rule 60(b) motion, that the district court failed to address his claim that appellate counsel was ineffective in failing to challenge the statutory basis for his conviction. But the district court obviously ruled on this claim: it found that El-Amin failed to exhaust this claim, and it further denied this claim on the merits. Thus, El-Amin's second argument also fails to establish that reasonable jurists could debate whether the district court abused its discretion when it denied El-Amin's Rule 60(b) motion. *See Slack*, 529 U.S. at 484.

Accordingly, we deny El-Amin's COA request and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge