**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 12-8083 |
| | (D.Ct. No. 1:10-CR-00203-SWS-1) |
| JOSE ALVAREZ, | (D. Wyo.) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jose Alvarez appeals his 360-month sentence for conspiracy to possess with intent to distribute, and to distribute, methamphetamine, cocaine,

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. He alleges his sentence is procedurally unreasonable based on a miscalculation of the drug quantity attributable to him and is substantively unreasonable because the sentence imposed is greater than necessary under the 18 U.S.C. § 3553(a) sentencing factors. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Alvarez's sentence.

## I. Factual and Procedural Background

Testimony provided by the government at trial established Mr. Alvarez's involvement as a supplier in a conspiracy to distribute drugs and that, as part of that conspiracy, Patrick Blake purchased drugs from Mr. Alvarez in Colorado and then sold and distributed them to several others, including Jack Boller in Gillette, Wyoming. As a key government witness, Mr. Blake testified as to the type and estimated amounts of drugs he obtained from Mr. Alvarez and the approximate dates he received those drugs. Other witnesses, who were involved in the conspiracy, purchased drugs distributed by Mr. Alvarez, or otherwise witnessed his drug transactions, also testified as to drugs distributed through Mr. Alvarez, including Juan Franco, who sometimes delivered drugs to Mr. Blake on behalf of Mr. Alvarez. Based on this evidence, a jury convicted Mr. Alvarez of the drug trafficking conspiracy charged.

In calculating Mr. Alvarez's sentence, the probation officer relied on trial testimony to determine the type and amount of drugs attributable to him and

determined in a revised presentence report he was responsible for:

1) one pound of methamphetamine from March through mid-April 2008;

2) eight pounds of methamphetamine from late April until the end of the summer of 2008;

3) three pounds of methamphetamine for the fall of 2008;

4) five pounds of methamphetamine for the summer of 2009;

5) fifty pounds of marijuana and 1.5 kilograms of cocaine from late 2008 through 2009; and

6) one pound of methamphetamine delivered to "Shorty," or Amanda Bullock, during 2008 and 2009.

The probation officer then converted the 1.5 kilograms of cocaine to 300 kilograms of marijuana; eighteen pounds of methamphetamine to 16,329.6 kilograms of marijuana; and fifty pounds of marijuana to 22.68 kilograms of marijuana, for a total equivalent of 16,652,28 kilograms of marijuana and a base offense level of 36. After adding a two-level enhancement for Mr. Alvarez's role as a manager and supervisor, the probation officer calculated the adjusted offense level at 38 but, alternatively, determined his base offense level was 37 if his qualification as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was applied. The probation officer also determined his criminal history category was V, but because he qualified as a career offender, she adjusted his criminal history category to VI. Using the adjusted offense level of 38, because it was greater than the base offense level of 37 for his career

offender status, she calculated his Guidelines range at 360 months to life imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Mr. Alvarez filed his objections to the calculation of his sentence based on the drug quantities used and requested a below-Guidelines sentence pursuant to the 18 U.S.C. § 3553(a) sentencing factors. He made only a summary objection to the finding he qualified as a career offender.

At the sentencing hearing, the government sought a four-pound reduction of methamphetamine from the total drugs attributed to Mr. Alvarez, explaining the presentence report did not take into account the fact he stopped selling drugs for a two-month period, beginning around June 12, 2008, after a raid at another person's house. In turn, Mr. Alvarez continued to object to the quantity calculations and argued a 360-month sentence failed to take into account his history and characteristics, including the over-representation of his criminal history based on a juvenile conviction, his difficult upbringing, his assertion he did not commit a crime of violence, and the fact a 360-month sentence would be greater than necessary under § 3553(a). He did not renew his objection to his career offender status.

The district court granted the requested four-pound reduction but concluded it did not affect the base offense level of 36 because Mr. Alvarez's relevant

conduct still involved over 10,000 kilograms of marijuana.[1]  *See* U.S.S.G. § 2D1.1(c)(2).  In addressing Mr. Alvarez's objections, the district court explained the government's witnesses' estimated drug quantities were credible based on its observation of them at trial, and the estimated amounts had some basis of support in fact and an indicia of reliability for the purpose of proving the drug quantities by a preponderance of the evidence.  In making this determination, the district court stated it observed Mr. Blake testify and found him credible, as opposed to Mr. Boller, who, in a proffered statement, discussed lesser drug quantities.  It also pointed out it used the most conservative drug weights in calculating Mr. Alvarez's sentence.

With respect to the § 3553(a) sentencing factors, the district court determined: 1) Mr. Alvarez's criminal history was not over-represented as he qualified as a career criminal, even without considering his contested juvenile conviction; 2) his criminal history involved dangerous, violent conduct which put lives at risk and caused injury; 3) he acted as a "pretty sophisticated dealer" rather than "a bit player ... at the bottom of the food chain"; 4) he participated in

---

[1]  While the government stated the four-pound reduction resulted a total equivalency of 13,704.6 kilograms of marijuana, our calculations, using the applicable conversion and equivalency tables, result in a total of 12,700.8 kilograms.  Regardless of which total is applied, the amount is between 10,000 and 30,000 kilograms for the purpose of applying a base offense level of 36, which, when combined with his role enhancement, results in a total offense level of 38.  *See* U.S.S.G. § 2D1.1(c) & cmt. n.10(D) (Drug Quantity and Equivalency Tables and Measurement Conversion Table).

"an extended, protracted and substantial drug conspiracy," involving methamphetamine "piped into Loveland, Fort Collins, and ... [the] Gillette, Wyoming areas"; 5) his prior sentences did not deter him from engaging in illegal conduct; and 6) a Guidelines sentence would reflect the seriousness of the offense, deter him from engaging in similar activity, promote respect for the law, and protect the public from further crimes committed by him and others. In imposing a sentence at the low end of the Guidelines range, it stated it "probably could go higher," but it believed a sentence of 360 months was sufficient but not greater than necessary for the purposes of 18 U.S.C. § 3553(a).

## II. Discussion

On appeal, Mr. Alvarez renews his contentions the district court imposed a procedurally unreasonable sentence based on insufficient evidence in support of the drug quantity calculations and claims the following quantities are attributable to him: 1) three ounces of methamphetamine, instead of a pound, from March to mid-April 2008; 2) only one pound and one ounce, rather than four pounds, from April until mid-June 2008 based on the proffer of Mr. Boller; and 3) only two and one-half pounds, instead of three to four pounds, for the fall of 2008 based on the testimony of Mr. Franco. He further challenges the testimony of the government's witnesses on grounds they are "unreliable drug dealers" testifying from memory, under pressure, and for the purpose of receiving reduced sentences. He also claims the district court double counted the drug amounts for the summer

of 2009 and renews his contention his sentence is substantively unreasonable in light of his criminal history and characteristics.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. In determining whether the district court properly applied the Guidelines in calculating the sentence, we review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). We review a district court's factual findings on drug quantities for clear error, reversing only if its findings are without factual support in the record or we are left with the definite and firm conviction a mistake was made. *See United States v. Foy,* 641 F.3d 455, 468 (10th Cir. 2011). When the drugs underlying a drug quantity determination are not seized, the district court may rely on an estimate to establish a defendant's Guidelines offense level "so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient indicia of reliability." *Id.* at 468-69. The testimony of an accomplice or co-conspirator is a credibility issue to be resolved by the fact finder, *see United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005), and even an

accomplice's or co-conspirator's "uncorroborated" testimony may be sufficient to support a conviction or sentence. *See id.*; *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir. 1994).

With these principles in mind, we reject Mr. Alvarez's argument the district court erred in calculating the drug quantities and his adjusted base offense level. While the drugs involved in the conspiracy were not seized, its findings on the quantities of drugs attributable to Mr. Alvarez are supported by the record based on Mr. Blake's estimates of those quantities, regardless of whether some of the quantities were not corroborated by other witnesses. With regard to Mr. Blake, the district court explicitly deemed his testimony credible, as did the jury in convicting Mr. Alvarez, and it is evident from the record that, in crediting his testimony, the district court and the jury knew he participated in the drug trafficking conspiracy with Mr. Alvarez and entered into a plea agreement with the government with the possibility of a lesser sentence if he cooperated and/or provided substantial assistance to the government. The same is true with respect to the other witnesses, who also testified they entered into plea agreements and corroborated much of Mr. Blake's testimony with respect to Mr. Alvarez's involvement in the conspiracy.

In addition, the district court explicitly addressed the inconsistencies in the evidence raised by Mr. Alvarez, explaining it relied on Mr. Blake's testimony rather than the proffered statement of Mr. Boller as to the quantities Mr. Blake

received from Mr. Alvarez during the conspiracy. Mr. Boller did not testify at trial for the purpose of evaluating his credibility, and the record establishes he was not involved in the transactions between Mr. Blake and Mr. Alvarez, thereby explaining why Mr. Boller's estimated drug amount he received from Mr. Blake differed from Mr. Blake's estimate of the total amount of drugs he received from Mr. Alvarez. Similarly, while another co-conspirator, Mr. Franco, testified as to the quantity of methamphetamine he sold to Mr. Blake on Mr. Alvarez's behalf, his testimony did not cover the amounts Mr. Blake received directly from Mr. Alvarez, thereby again explaining why Mr. Blake's drug quantities were different. Finally, the district court's calculation of the amount of methamphetamine Mr. Alvarez sold to Mr. Blake during the summer of 2009 did not constitute double counting as it was based on the amount he received directly from Mr. Alvarez during that period. As a result, we reject Mr. Alvarez's inaccurate portrayal of the government's witnesses' testimony for the purpose of disputing the drug quantities applied.

Because the drug quantities used in calculating Mr. Alvarez's sentence have factual support in the record, they are not clearly erroneous and we are not otherwise left with a definite and firm conviction a mistake was made. Moreover, as the government suggests, even without these calculations, Mr. Alvarez's status as a career offender results in the same Guidelines range of 360 months to life

imprisonment,[2] and nothing in the record indicates the district court would have imposed a lesser sentence had it solely applied the career offender guidelines.

Having determined Mr. Alvarez's sentence is procedurally reasonable, we turn to its substantive reasonableness. If the sentence is within the correctly-calculated Guidelines range, we may apply a rebuttable presumption of substantive reasonableness. *Kristl*, 437 F.3d at 1054-55. Because Mr. Alvarez's sentence is within the correctly-calculated Guidelines range, we apply a presumption of reasonableness which he must rebut in light of the sentencing factors in § 3553(a). In imposing a sentence at the low end of the Guidelines range, the district court explicitly discussed the sentencing factors in 18 U.S.C. § 3553(a) and we discern no substantive error. Mr. Alvarez has not shown his history or characteristics are sufficiently compelling for the purpose of making his 360-month sentence unreasonable, especially in light of the reasons set forth by the district court in support of the length of the sentence imposed. Thus, Mr. Alvarez has not sufficiently rebutted the presumption his Guidelines sentence is substantively reasonable.

---

[2] Specifically, his base offense level of 37 for being a career offender, together with his criminal history category of VI, also results in a Guidelines range of 360 months to life imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

III.  Conclusion

For the reasons contained herein, we **AFFIRM** Mr. Alvarez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge