FILED
United States Court of Appeals
Tenth Circuit

May 2, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ALVAREZ,

    Defendant - Appellant.

No. 15-8046
(D.C. No. 10-CR-00203-SWS-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Jose Alvarez, a federal inmate appearing pro se, appeals from the district

court's denial of his motion for grand jury transcripts. See United States v.

Alvarez, No. 10-CR-203-SWS (D. Wyo. May 14, 2015). Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

On July 21, 2010, a grand jury indicted Mr. Alvarez for conspiracy to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

possess with intent to distribute, and to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He was subsequently convicted after a jury trial and sentenced to 360 months' imprisonment. Following his conviction, Mr. Alvarez appealed his sentence which was affirmed. United States v. Alvarez, 565 F. App'x 709 (10th Cir.), cert. denied, 135 S. Ct. 256 (2014). Thereafter, Mr. Alvarez filed a motion seeking access to two grand jury transcripts to aid him in preparing a post-conviction motion challenging venue and claiming vindictive or selective prosecution. 28 U.S.C. § 2255; Fed. R. Crim. P. 6(e). The government initially contended that the district court lacked jurisdiction to rule on the motion. Unpersuaded, the district court denied the motion on the merits and denied reconsideration. United States v. Alvarez, No. 10-CR-203-SWS (D. Wyo. May 14, 2015 & June 22, 2015). On appeal, Mr. Alvarez argues the district court abused its discretion (1) "when it acted as opposing party to litigation," Aplt. Br. at 2; and (2) when it held his "claims did not satisfy the Douglas test for production." Id. at 4.

Whether a district court has authority to reach the merits, on its own initiative, is a purely legal issue and therefore, our review is de novo. United States v. Hasan, 609 F.3d 1121, 1127 (10th Cir. 2010). Contrary to Mr. Alvarez's argument, a party's failure to raise all defenses does not preclude the district court from applying the correct law and properly disposing of a claim. See

Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."). Mr. Alvarez contends that "the District Court was only authorized to answer to the [jurisdictional] defense presented by the Government." Aplt. Br. at 3. This is incorrect. The district court has an obligation to apply the correct law and we may "affirm on any grounds supported by the record." Stan Lee Media, Inc. v. Walt Disney Co., 774 F.3d 1292, 1296 (10th Cir. 2014).

Mr. Alvarez's second argument addresses the merits: whether his claims satisfy the test for disclosure established by Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211 (1979). We review the district court's denial of a Rule 6(e) motion for an abuse of discretion. In re Grand Jury 95-1, 118 F.3d 1433, 1437 (10th Cir. 1997). Having done so, we are in agreement with the district court that the errors alleged (whether substantive or based upon ineffective assistance of counsel) are procedural or technical and rendered harmless beyond a reasonable doubt by Mr. Alvarez's ultimate conviction by a jury. See United States v. Hillman, 642 F.3d 929, 936-37 (10th Cir. 2011). The errors alleged are not fundamental errors that implicate the basic fairness of the grand jury process. See id. at 937.

AFFIRMED.  All pending motions are denied.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge