FILED
United States Court of Appeals
Tenth Circuit

August 23, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ALVAREZ,

    Defendant - Appellant.

No. 18-8045
(D.C. Nos. 1:15-CV-00172-SWS &
1:10-CR-00203-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Jose Alvarez, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision denying in part and dismissing

in part his motion for relief under Fed. R. Civ. P. 60(b).  We deny a COA and dismiss this

matter.

Mr. Alvarez was convicted of conspiracy to possess with intent to distribute, and

to distribute, methamphetamine, cocaine and marijuana.  He was sentenced to 360

months in prison.  On direct appeal, we affirmed his sentence.  *United States v. Alvarez*,

565 F. App'x 709, 710 (10th Cir. 2014).  He later filed a pro se motion under 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2255, which the district court denied. This court dismissed Mr. Alvarez's attempt to appeal from that decision because his notice of appeal was not timely filed.

Earlier this year, Mr. Alvarez filed a Rule 60(b) motion in which he argued that (1) the government committed fraud on the court in its response to his § 2255 motion; and (2) he should not have been designated as a career offender because two of his prior convictions were improperly counted as qualifying predicate offenses. The district court denied the first claim. It then determined that the second claim was an unauthorized second or successive § 2255 claim and dismissed it for lack of jurisdiction. Mr. Alvarez now seeks a COA to appeal from the district court's decision.

To obtain a COA from the district court's procedural rulings, Mr. Alvarez must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district

---

[1] We have explained that the denial of a Rule 60(b) motion in the context of a habeas petition is a procedural ruling subject to *Slack*'s two-part COA standard. *Dulworth v. Jones*, 496 F.3d 1133, 1138 (10th Cir. 2007), *abrogated in part by Harbison v. Bell*, 556 U.S. 180 (2009). The district court's decision to construe a pleading as a second or successive § 2255 claim and to dismiss it for lack of jurisdiction is also a procedural ruling subject to the *Slack* standard. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).

court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding." *Id*. at 1216.

Mr. Alvarez argued in the first claim in his Rule 60(b) motion that there was a defect in the integrity of his § 2255 proceeding because the government had committed fraud on the court in its response to his § 2255 motion. In his § 2255 motion, he asserted a claim for ineffective assistance of counsel based on his attorney's failure to convey the government's plea offer to him. In its response to his motion, the government stated that there was no record of a formal plea offer. The district court ultimately denied the claim because there was no evidence of a formal plea offer. But Mr. Alvarez contended in his Rule 60(b) motion that documents he obtained through the Freedom of Information Act showed that there was a plea offer.

The district court denied this Rule 60(b) claim on the merits. The court explained that none of the documents Mr. Alvarez submitted "establishe[d] that the government ever made a formal plea offer that Defendant's counsel failed to communicate to him. Rather, the documents simply confirm plea negotiations were taking place." R., Vol. 1 at 83. In his COA application, Mr. Alvarez fails to point to anything in the documents he submitted that shows the government made a formal plea offer to his attorney that was

3

not communicated to him. The letter from his attorney that he references indicates that there were ongoing plea negotiations but it also indicates that, at that time, Mr. Alvarez wanted to go to trial because the evidence available to his attorney was not conclusive of guilt. His attorney was therefore requesting in that letter that he meet with the prosecutor to go over the evidence and how it was linked to his client. This letter does not demonstrate that the government committed fraud in its response to Mr. Alvarez's § 2255 motion. Reasonable jurists would not debate the district court's resolution of this Rule 60(b) claim.

In the second claim of his Rule 60(b) motion, Mr. Alvarez asserted that two of his prior convictions were erroneously treated as predicate offenses to qualify him as a career offender under the sentencing guidelines. In his § 2255 motion, he raised a similar claim, asserting that his counsel was ineffective for failing to research and raise challenges to the use of these two convictions to qualify him as a career offender. The district court rejected the ineffective-assistance claim in the § 2255 motion after concluding that Mr. Alvarez's advisory sentencing guideline range would have been the same even without the career offender designation and therefore he could not show prejudice from any alleged deficient performance.

In considering this claim in Mr. Alvarez's Rule 60(b) motion, the district court explained that "[b]ecause the success of Defendant's claim depends on a determination that the Court either incorrectly determined his sentence in the first instance or erred on the merits in denying his initial § 2255 motion with respect to this issue, Defendant's Rule 60(b) motion as to this claim must be considered a second or successive § 2255

4

motion." R., Vol. 1 at 84. In his COA application, Mr. Alvarez appears to be arguing the merits of his claim by "challenging his status as a career offender" and asserting that "[a] court may look to certain other pieces of evidence in seeking to ascertain whether [his] conviction was for conduct under the guidelines definition." COA App. at 8. He fails to address how the court erred in construing this claim as a second or successive § 2255 claim. Reasonable jurists could not debate the district court's procedural ruling that Mr. Alvarez's challenge to his status as a career offender is an unauthorized second or successive § 2255 claim that must be dismissed for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

5