**F I L E D**

PUBLISH

**August 2, 2007**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KENNETH DULWORTH,

      Petitioner-Appellant,

v.

JUSTIN JONES,[*] Director,

      Respondent-Appellee.

No. 06-6315

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-05-1106-F)**

---

Submitted on the briefs:[**]

Kenneth Dulworth, Pro Se.

Ronald A. Anderson, Assistant General Counsel, Oklahoma Department of Corrections, for Respondent-Appellee.

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

[*]    On October 27, 2005, Justin Jones became the Director of the Oklahoma Department of Corrections.  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Jones is substituted for Ron Ward as the appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**SEYMOUR**, Circuit Judge.

Kenneth Dulworth, an Oklahoma inmate appearing pro se, seeks to appeal the district court's denial of his motion for costs. Mr. Dulworth sought costs in connection with an application for a writ of habeas corpus that he filed under 28 U.S.C. § 2241 to challenge his security classification and earned credits calculation. The district court dismissed the § 2241 application as moot after the Oklahoma Department of Corrections voluntarily gave Mr. Dulworth all the relief he sought. Mr. Dulworth then filed a motion for costs under FED. R. CIV. P. 54(d)(1), which provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The district court denied the motion, concluding Mr. Dulworth was not a prevailing party because he achieved the relief he sought through the department's voluntary conduct rather than through any judicial relief from the court. *Cf. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (analyzing prevailing-party concept under various federal fee-shifting statutes).

Mr. Dulworth filed a notice of appeal. He contends he is not required to obtain a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A) because he is appealing the denial of costs, not the denial of his application for a

-2-

writ of habeas corpus. Alternatively, he requests a COA if we determine one is required. For the reasons set out below, we hold that a COA is required to appeal the denial of costs in a habeas action, and that Mr. Dulworth has not satisfied the conditions for the grant of a COA.

## I

Section 2253(c)(1)(A) provides that absent a COA, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A COA may issue under § 2253(c)(1) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000), we held that a habeas petition brought by a state prisoner "relat[ing] to matters flowing from a state court detention order," including "challenges relat[ing] to the incidents and circumstances" of the petitioner's detention brought under § 2241, was subject to the requirements of § 2253(c)(1)(A). As the Sixth Circuit has explained:

> If a state prisoner has been convicted in state court, is thereby incarcerated, and then files a § 2241 petition complaining about the condition or circumstances of that incarceration, then logic dictates that the person is detained because of a process issued (a conviction) by a State court. When it is clear that the detention results from a State court conviction, the habeas petition arises from the genesis of custody–the State conviction.

*Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001). Thus, a state prisoner seeking to appeal the denial of habeas relief in a § 2241 proceeding must obtain a COA to appeal. *Montez*, 208 F.3d at 867, 869. But the order Mr. Dulworth seeks to appeal did not deny habeas relief; it denied his post-judgment motion for costs.

The plain language of § 2253(c)(1)(A) provides that a COA is necessary to take an appeal from "the final order in a habeas corpus proceeding." We recently considered whether a habeas petitioner is required to obtain a COA before appealing an order denying a post-judgment motion. In *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006), we concluded that a COA was necessary to appeal the denial of a Rule 60(b) motion. In so holding, we relied on "the legislative language in and purpose underlying § 2253." *Id.* at 1218.

The Second Circuit, when faced with an appeal from the denial of a FED. R. APP. P. 4(a)(6) motion to reopen the time to appeal the denial of § 2255 relief, rejected the defendant's argument that the "final order" language of § 2253(c)(1) "does not encompass 'ordinary motions' such as motions to extend time." *Eltayib v. United States*, 294 F.3d 397, 398 (2d Cir. 2002). The court reasoned that an order denying a Rule 4(a)(6) motion is a "final order" appealable under 28 U.S.C. § 1291. *Id.* at 399. Consequently, § 2253(c)(1)(B), which requires a COA to appeal "the final order in a proceeding under section 2255," required the defendant to obtain a COA. *Id.*; *accord United States v. Rinaldi*, 447 F.3d 192,

-4-

195 (3d Cir.), *cert. denied*, 127 S. Ct. 300 (2006).  Like the orders in *Spitznas* and *Eltayib*, the order denying the post-judgment motion for costs here is a "final order in a habeas corpus proceeding" for purposes of filing an appeal.

In *Spitznas*, we recognized that the purpose underlying the COA requirement in § 2253 "'is to prevent frivolous cases from clogging appellate dockets and to promote finality.'" 464 F.3d at 1218 (quoting *United States v. Vargas*, 393 F.3d 172, 175 (D.C. Cir. 2004)).  Bearing in mind the important screening function of the COA requirement, we said "it would be illogical that a COA would be required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment." *Spitznas*, 464 F.3d at 1218; *accord Vargas*, 393 F.3d at 174-75; *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1264 (11th Cir. 2004) (en banc), *aff'd in part sub nom. Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam).  Similarly, the Third Circuit held that requiring a COA to appeal the denial of a Rule 4(a)(6) motion to reopen the time to appeal would be "consistent with Congress's intent to screen out meritless appeals from denials of habeas relief." *Rinaldi*, 447 F.3d at 195.

But appeals from the denial of Rule 60(b) relief or Rule 4(a)(6) motions to reopen differ from the appeal from the denial of costs before us in one significant respect.  The former have the ability to bring before the court at some point the underlying merits of the habeas petition–that is in fact their ultimate design–but a

-5-

motion for costs will never bring up the merits qua merits. The court may examine the merits to decide some issue relating to costs, but it will never rule on the merits themselves. Nonetheless, we think the purpose of a COA and the purpose of habeas itself, which is to uncover constitutional error, counsel against treating a motion for costs differently than these other post-judgment motions when it comes to requiring a COA.

As the Supreme Court stated in *Barefoot v. Estelle*, 463 U.S. 880, 887-888 (1983), "[t]he procedures adopted to facilitate the orderly consideration and disposition of habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error." Congress imposed the COA requirement to screen out appeals that do not raise substantial constitutional questions, thereby conserving appellate judicial resources for use only in substantial cases. Given the focus on uncovering possible constitutional error at the appellate level, it makes no sense to squander those resources by circumventing that screening process for some final orders in habeas cases. Consequently, in our judgment all appeals from final orders in habeas cases, of whatever type, should be required to meet the COA standard to proceed. Accordingly, we conclude that Mr. Dulworth must obtain a COA to appeal the district court's denial of his motion for costs in this § 2241 action.

## II

Having determined that Mr. Dulworth needs a COA to proceed, we are required to decide what standard he must meet to obtain a COA. Section 2253(c)(2) provides that a petitioner must make "a substantial showing of the denial of a constitutional right" to obtain a COA. "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Sptiznas*, however, rather than apply this "straight" COA standard of § 2253(c)(2), we applied the two-part COA standard the Supreme Court first articulated in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Sptiznas*, 464 F.3d at 1225. *Slack*'s two-part standard requires the petitioner to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484.

*Slack* states that its two-part standard is to be used "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." *Id.* Thus, when a procedural ruling has prevented a court from addressing the merits of a constitutional claim it presumably would otherwise have addressed, it is appropriate to apply the

two-part standard. In *Spitznas*, we applied *Slack*'s two-part COA standard because the petitioner alleged in his Rule 60(b) motion that the district court denied him due process, but the district court did not reach that claim because it denied the Rule 60(b) motion as untimely. 464 F.3d at 1224, 1225.

Other courts have applied *Slack*'s two-part standard in appeals from Rule 60(b) motions, not because the Rule 60(b) motion raised a constitutional claim that was disposed of on a procedural ground, but because the Rule 60(b) motion raised claims that were considered procedural in nature and thus the ruling on that motion was treated as a procedural ruling. For example, in *Reid v. Angelone*, 369 F.3d 363, 371 (4th Cir. 2004), the petitioner sought to appeal the denial of a Rule 60(b) motion that asserted the district court erred in not allowing her to withdraw her habeas application. The court held that

> [b]ecause this claim is procedural in nature, we may not grant a COA unless Reid establishes (a) "that jurists of reason would find it debatable whether the [Rule 60(b) motion] states a valid claim of the denial of a constitutional right" and (b) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Id.* (quoting *Slack*, 529 U.S. at 484) (second alteration in original). Because the petitioner's Rule 60(b) claim was not constitutional in nature, however, the court had to determine where to look for the source of the constitutional claim for part one of the standard. If it looked solely to her Rule 60(b) motion, a COA could never issue. The court concluded it was appropriate to look to her underlying

-8-

habeas petition, and in particular to those claims in the petition "that the district court may reexamine if we conclude that its procedural ruling [i.e., its ruling on the Rule 60(b) motion] was erroneous." *Id.* at 371. The Second Circuit followed a similar path in *Kellogg v. Strack,* 269 F.3d 100, 104 (2d Cir. 2001) (per curiam), holding that

> a COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

The Second and Third Circuits have also applied the two-part *Slack* standard to COA requests in appeals from the denial of Rule 4(a)(6) motions to reopen the time to appeal. *See Eltayib*, 294 F.3d at 400*; Rinaldi*, 447 F.3d at 195. Both courts treated the ruling on the Rule 4(a)(6) motion itself as the procedural ruling. And because there is little point in allowing a petitioner to appeal an order denying him the ability to reopen the time to appeal if the underlying habeas claims that the petitioner seeks to ultimately bring before the court are not themselves COA-worthy, both courts fashioned the other step of the *Slack* standard depending on the nature of the underlying ruling on the habeas claims. The Second Circuit explained the standard as follows:

> to obtain a certificate of appealability in a case involving the denial of a Rule 4(a)(6) motion, a petitioner must show: (1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 4(a)(6) motion; *and* (2)(a) in a case

where a habeas petition was denied on the merits, that "jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong" *or* (b) in a case where a habeas petition was denied on procedural grounds without reaching the underlying constitutional claims, . . ."that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Eltayib*, 294 F.3d at 400 (quoting *Slack*, 529 U.S. at 484); *see also, Rinaldi*, 447 F.3d at 195 (applying similar standard).

*Slack's* two-part COA standard, which is focused on creating a mechanism for the review of procedural rulings that have prevented a court from reviewing underlying constitutional claims, fits the Rule 60(b) and Rule 4(a)(6) contexts. If the district court's denial of Rule 60(b) relief is reversed, the district court will have to (re)examine one or more claims in a habeas petition. If the district court's denial of a Rule 4(a)(6) motion is reversed, a habeas petitioner will be permitted to appeal the denial of habeas relief. In both instances, there are potentially meritorious constitutional claims awaiting review that must first break through an overlaying procedural ruling.

Here, however, we do not have a procedural obstacle to review of the underlying merits. Instead we have a simple ruling on costs, with no underlying constitutional claims awaiting review. There is no need and no reason to apply a two-part standard to this ruling. The ruling on Mr. Dulworth's motion for costs is better suited to application of the straight COA standard of § 2253(c)(2):

Mr. Dulworth must make a substantial showing of the denial of a constitutional right.

Mr. Dulworth filed his motion for costs under Rule 54(d)(1). The district court denied the motion on the ground that Mr. Dulworth did not qualify as a prevailing party and therefore was not entitled to costs under the rule. Mr. Dulworth's motion did not raise a constitutional claim, and nothing about the district court's denial of that motion implicates the denial of a constitutional right. Therefore, Mr. Dulworth cannot make the showing necessary to obtain a COA to appeal the denial of his motion for costs.[1]

Accordingly, we **DENY** Mr. Dulworth's application for a certificate of appealability and **DISMISS** this appeal. Mr. Dulworth's motion for leave to proceed *in forma pauperis* is granted.

---

[1]    It may be, as a practical matter, that no petitioner will ever be able assert a constitutional claim in connection with a Rule 54(d)(1) cost motion and, therefore, no petitioner will ever be able to obtain a COA to appeal the denial of such a motion. Even if that were true, it is no different from the situation of a federal prisoner who brings a § 2255 motion that raises a federal statutory or other non-constitutional federal claim and can never obtain a COA to appeal the denial of habeas relief on that claim. *See, e.g., United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999). It does not mean that the COA screening mechanism should not apply or that the straight COA standard articulated in § 2253(c)(2) is not the one to use. It just means that the COA mechanism is doing its job of screening out appeals that do not raise substantial constitutional questions (or at least debatable procedural questions that are preventing a court from addressing what may be substantial constitutional questions).