FILED
United States Court of Appeals
Tenth Circuit

November 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JOHN CARBONELL,

      Petitioner - Appellant,

v.

FRANCIS FALK, WARDEN; and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 13-1398
(D. Ct. No. 1:13-CV-00074-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

_____

John Carbonell, having unsuccessfully moved in federal district court for habeas

relief under 28 U.S.C. § 2254, seeks a certificate of appealability ("COA") for this court

to review four issues. _See_ 28 U.S.C. § 2253(c)(1)(A). Exercising jurisdiction under 28

U.S.C. § 1291, we deny COA as to all four issues, dismiss this matter, and also deny Mr.

Carbonell's request to proceed _in forma pauperis_ (_ifp_).

## I. **BACKGROUND**

In April 2000, a Colorado state court jury convicted Mr. Carbonell of first degree

murder for killing his wife. The trial judge sentenced him to life in prison without parole.

_____

    **\*** This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Colorado Court of Appeals ("CCA") affirmed the conviction on direct appeal, and the U.S. Supreme Court denied certiorari review on October 6, 2003. *See Carbonell v. Colorado*, 540 U.S. 913 (2003). On April 16, 2010, a Colorado district court denied Mr. Carbonell's motion for post-conviction relief. The CCA affirmed, and the Colorado Supreme Court denied certiorari review on November 27, 2012. *See Carbonell v. People*, No. 12SC539, 2012 WL 5912622, at \*1 (Colo. Nov. 27, 2012) (en banc) (unpublished).

On January 14, 2013, Mr. Carbonell applied for habeas corpus relief in federal district court pursuant to 28 U.S.C. § 2254. He alleged six claims. His first claim regarding jury selection had three sub-claims, and his sixth claim for ineffective assistance of counsel had seven sub-claims. The district court denied all of these claims. It also denied *ifp* for an appeal, certifying that "any appeal from this order would not be taken in good faith." *Carbonell v. Falk*, No. 1:13-cv-00074-RBJ, 2013 WL 5289531, at \*20 (D. Colo. Sept. 18, 2013) (unpublished); *see also* 28 U.S.C. § 1915(a)(3).

## II. **DISCUSSION**

### A. *COA Standard and AEDPA Review*

Mr. Carbonell may not appeal the district court's denial of his § 2254 application without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Carbonell must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

2

conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007) (quotations omitted).

As the district court noted, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. AEDPA provides that if a state court adjudicated the merits of a claim, a federal court cannot grant habeas relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). *See also Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

When deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 366.

### B. *Mr. Carbonell's Four Issues*

Mr. Carbonell seeks a COA on four issues: (1) improper refusal to strike a potentially biased juror for cause; (2) impermissible bolstering of a prosecution witness's testimony by referencing polygraph evidence; (3) ineffective assistance of counsel relating to expert evidence; and (4) cumulative error. *See* Aplt. Br. at 4-6. Because the CCA rejected the first three claims on the merits, the district court was correct to apply AEDPA review to them.

### 1. Failure to Excuse a Juror for Cause

3

Mr. Carbonell claims the trial court violated his Sixth Amendment right to an impartial jury when it refused to excuse a potentially biased juror for cause. *See* Aplt. Br. at 4, 7-9. The CCA denied this claim on direct appeal, stating that the record supported the trial court's determination that the prospective "juror did not have a preconceived opinion regarding [Mr. Carbonell's] guilt." *People v. Carbonell (Carbonell I)*, No. 00CA1258, slip op. at 5 (Colo. App. July 11, 2002) (unpublished).

The district court, citing *United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000), observed that even if a trial court erroneously denies such a challenge, there is no Sixth Amendment violation where, as here, "the defendant elects to cure such an error by exercising a peremptory challenge." *Id.* at 307. The district court therefore concluded that the result reached by the CCA should be afforded AEDPA deference. *See Richter*, 131 S. Ct. at 784-85; *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).

Mr. Carbonell's argument that using one of his peremptory challenges for this juror prevented him from otherwise using his full allocation of such challenges on other jurors does not overcome *Martinez-Salazar*. We conclude that reasonable jurists could not debate the district court's analysis and therefore deny COA on this issue.

2. **Allowing References to Polygraph Results**

Mr. Carbonell claims the state trial court violated his Fourteenth Amendment due process right by allowing references at trial to a witness's failed polygraph results. Before the polygraph examination, the witness had told police she had no knowledge of the murder. Aplt. Br. at 4-5, 9-11. The witness testified at trial that Mr. Carbonell admitted to killing the victim. The trial court denied defense counsel's objections and

4

motion for mistrial. *See Carbonell I*, No. 00CA1258, slip op. at 9. It instructed the jury

that polygraph results are inherently unreliable, inadmissible in court, and to disregard

any comments about polygraph examinations. *See id.*

On direct appeal, the CCA recognized polygraph evidence is inadmissible but

determined that the trial court's jury instructions cured any prejudice to Mr. Carbonell.

*See id.* at 9-11. The district court found the CCA's determination was not contrary to, or

an unreasonable application of, Supreme Court law, which requires for a due process

violation that the evidence be "so unduly prejudicial that it renders the trial

fundamentally unfair," *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). *See Carbonell v.

Falk*, 2013 WL 5289531, at *10.[1]

Mr. Carbonell's arguments in his combined opening brief and application for a

COA mainly discuss the inadmissibility of polygraph evidence. *See* Aplt. Br. at 9-11.

He fails to show how the pertinent testimony was "so unduly prejudicial," *Payne*, 501

U.S. at 825, and why the court's curative instructions were insufficient. We conclude

that reasonable jurists could not debate the district court's resolution of this issue under

AEDPA review.

3. **Counsel's Failure to Investigate Blood Evidence**

Mr. Carbonell claims that his lawyer's performance was deficient and prejudicial

for failure to present expert testimony about whether blood found on Mr. Carbonell's and

his wife's mattress was menstrual blood (as opposed to blood from a violent attack, as the

---

[1] To avoid confusion with the relevant CCA opinions in this case, we refer to the district court's order by its full name throughout this opinion.

5

prosecution argued).  *See* Aplt. Br. at 5-6, 11-13.  The CCA rejected this claim on collateral appeal because "[d]efense counsel clearly elicited, on cross-examination of the state's experts, that the blood found on the mattress could have been menstrual blood, and thus the evidence sought by defendant was presented."  *People v. Carbonell* (*Carbonell II*), No. 06CA1144, slip op. at 10 (Colo. App. June 14, 2012).  The district court concluded that Mr. Carbonell cannot show that he was constitutionally prejudiced under these circumstances and that the CCA's denial of this claim is consistent with *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Carbonell v. Falk*, 2013 WL 5289531, at *18.

Under *Strickland*, a defendant is entitled to relief if (1) counsel's performance was deficient, and (2) the defendant was prejudiced by it.  *Id.* at 687–88.  A defendant establishes the first *Strickland* requirement by showing counsel's performance "fell below an objective standard of reasonableness."  *Id.* at 688.  To meet this requirement, the defendant must overcome a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . [and] might be considered sound trial strategy."  *Id.* at 689 (quotations omitted).

A defendant establishes the second requirement by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "[t]he likelihood of a different result must be substantial, not just conceivable," *Richter*, 131 S. Ct. at 792.  Under AEDPA, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."  *Id.* at 785.

6

Mr. Carbonell argues that even though the prosecution's expert testified that the blood may be menstrual, his counsel should have had the blood tested to determine this question more definitively. The problem with this argument is that Mr. Carbonell has failed to show how the lack of more conclusive blood analysis prejudiced him at trial. The high level of deference this court and the district court must give to the state court's determination on this issue under AEDPA, *see id.*, would preclude reasonable jurists from debating the district court's conclusion that Mr. Carbonell has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). *See also Miller-El*, 537 U.S. at 336. We therefore deny COA on this issue.

4. **Cumulative Error**

Mr. Carbonell asks that we consider cumulative error. *See* Aplt. Br. at 6, 13-14. "A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *United States v. Barrett*, 496 F.3d 1079, 1121 (10th Cir. 2007). The district court correctly observed that this analysis is inapplicable where, as here, no true errors occurred. *See Carbonell v. Falk*, 2013 WL 5289531, at *14; *see also Hooks v. Workman*, 689 F.3d 1148, 1195 (10th Cir. 2012) (cumulative error analysis "does not apply . . . to the cumulative effect of non-errors" (quoting *Moore v. Gibson*, 195 F.3d 1152, 1175 (10th Cir.1999))). Reasonable jurists could not debate this conclusion. We therefore deny COA on this claim.

## III.  CONCLUSION

For the foregoing reasons, we deny COA as to all issues, deny *ifp*, and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge