FILED
United States Court of Appeals
Tenth Circuit

May 1, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY A. EVANS,

      Petitioner - Appellant,

v.

ROBERT PATTON,[*]

      Respondent - Appellee.

No. 13-7065
(D.C. No. 6:10-CV-00139-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Jeffrey Evans, proceeding pro se[1] and *in forma pauperis*, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Robert Patton, the current Director of the Oklahoma Department of Corrections, is automatically substituted as Respondent in this case.

[**] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Evans appears pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

§ 2254. Exercising jurisdiction under 28 U.S.C. § 1291, we **deny** Mr. Evans's application for a COA and **dismiss** this matter.

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 649 (2012) (citing the "clear jurisdictional language . . . in § 2253(c)(1)" (internal quotation marks omitted)). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

Following a jury trial, Mr. Evans was convicted in the district court of Love County, Oklahoma for the May 2006 murder of Calvin Porter. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence and subsequently affirmed the state district court's denial of postconviction relief. Mr. Evans is presently serving a life sentence at Oklahoma's Lawton Correctional Facility.

On April 20, 2010, Mr. Evans filed a petition for a writ of habeas corpus in the Eastern District of Oklahoma, pursuant to § 2254, attacking the validity of his conviction and asserting twenty-one grounds for relief. The matter was referred to a magistrate judge for a proposed dispositional recommendation, *see* 28 U.S.C. § 636(b)(1)(B); thereafter, in a detailed report and recommendation, the magistrate judge recommended that the district court deny habeas relief and dismiss the action "in all respects." R., Vol. II, at 455 (Report & Recommendation, filed Aug. 1, 2013). On September 24, 2013 (over Mr. Evans's numerous objections), the district court issued a one-page order affirming and adopting the magistrate judge's report and recommendation, and dismissing his petition. *Id.* at 468 (Order, filed Sept. 24, 2013). The court entered final judgment the same day, and this proceeding followed.

Pursuant to the analytic framework that the Supreme Court has established, most notably in *Miller-El*, we have thoroughly reviewed Mr. Evans's combined opening brief and application for a COA and the record, including the district court's dismissal order that adopted in full the magistrate judge's report and recommendation. Based upon this review, we conclude that Mr. Evans is not entitled to a COA on any of his claims because reasonable jurists would not debate the correctness of the district court's decision. We likewise conclude that

3

Mr. Evans has not demonstrated that any of the issues he has presented are adequate to deserve encouragement to proceed further.

Accordingly, for the foregoing reasons, we **DENY** Mr. Evans's request for a COA.  This matter is hereby **DISMISSED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge