FILED
United States Court of Appeals
Tenth Circuit

August 28, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JASON CLAYCOMB,

      Defendant - Appellant.

No. 14-8030
(D.C. Nos. 2:11-CV-00229-NDF &
2:07-CR-00196-CAB-5)
(D. Wyoming)

**ORDER**

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

In this proceeding we examine whether a motion under Fed. R. Civ. P. 60(b)(3) was a proper motion under that Rule or merely a disguised second-or-successive motion under 28 U.S.C. § 2255.

Defendant Jason Claycomb was convicted in the United States District Court for the District of Wyoming on three charges: conspiring to distribute 500 or more grams of methamphetamine and cocaine, possessing a machine gun in furtherance of a drug-trafficking crime, and possessing an unregistered firearm. After an unsuccessful direct appeal, he filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of

counsel. Relevant to this appeal, he argued that his counsel was ineffective for failing to object to testimony of government witnesses that amounted to hearsay about the findings by government chemists concerning the quantity of drugs seized by law-enforcement officers. He asserted that without the testimony of these witnesses, the jury would have found less than 50 grams of methamphetamine. The government responded that the challenged testimony was inconsequential because lay testimony by Defendant's confederates and his telephone calls recorded while in jail established quantities far exceeding 500 grams, and "there is no requirement that the evidence relied upon by a jury to find a drug quantity attributable to a conspiracy as a whole must be scientific in nature or be provided only by laboratory technicians or forensic scientists." R., Vol. 1 at 93. The district court agreed with the government and denied relief on that claim. The court also denied the motion with respect to the machine-gun conviction but vacated the unregistered-firearm conviction. We denied a certificate of appealability (COA).

Defendant then filed a motion under Fed. R. Civ. P. 60(b)(3) arguing that the government had engaged in fraud on the district court during his § 2255 proceeding by arguing that lay testimony could establish drug quantity, because the government knew that the law of the case had been established by a jury instruction (stipulated to by the government) requiring the government to prove that "the overall scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a detectable amount of cocaine." *Id.* at 241–42 (internal quotation marks omitted). (We do not pretend to understand the law-of-the-case legal theory

2

behind this argument.  But that is irrelevant.)  The district court determined that

Defendant's motion was a second-or-successive § 2255 habeas motion insofar as it was

rearguing the legal standard for establishing drug quantity, but that even if it was a proper

Rule 60(b) motion, there was no fraud.  It denied Defendant's motion.

Defendant now seeks a COA from this court to appeal the denial.  *See Dulworth v.*

*Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007) ("[A]ll appeals from final orders in habeas

cases, of whatever type, should be required to meet the COA standard to proceed");

*Spitznas v. Boone*, 464 F.3d 1213, 1217–19 (10th Cir. 2006) (COA required to review

district-court denial of true Rule 60(b) motion in proceedings under 28 U.S.C. § 2254).

We dismiss the appeal because Defendant did not file a true Rule 60(b) motion but a

second-or successive § 2255 motion.  We also remand with directions to the district court

to dismiss the case because it lacked jurisdiction over such a motion.  Further, we

construe Defendant's petition for a COA as a request for authorization to bring a second-

or-successive § 2255 motion and deny that request.

Under 28 U.S.C. § 2255(h) a district court lacks jurisdiction to hear a second-or-

successive § 2255 motion unless the motion has been certified by a court of appeals

under 28 U.S.C. § 2244.  To avoid this constraint, prisoners occasionally try to disguise a

second-or-successive motion as a motion under Rule 60(b) challenging the district court's

denial of the original § 2255 motion.  Distinguishing a proper Rule 60(b) motion from an

improper second-or-successive § 2255 motion can sometimes be challenging.  But there

is no great difficulty here.  "[W]hether a postjudgment pleading should be construed as a

3

successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). If the pleading is in essence raising a challenge to the judgment of conviction or the *merits* of the decision in the original § 2255 proceeding, then we treat it as a successive § 2255 application. *See id.* But if the pleading "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, then it is not . . . a successive petition." *Id.* (internal quotation marks omitted).

Let us examine what Defendant is arguing here. The alleged fraud by the government is its argument that the quantity of drugs attributable to Defendant could be proved by lay testimony. If Defendant is correct, then the quantity could not be established by that testimony and the district court was wrong on the merits in resolving his original § 2255 motion. Thus, if this were a proper Rule 60(b) motion, any time a defendant disagreed with a legal argument of the government that was adopted by the court, the defendant could argue that the government knew its argument was wrong and seek a second bite at the apple—a second challenge to "the substance of the federal court's resolution of [the habeas] claim on the merits," *Nelson*, 465 F.3d at 1147 (internal quotation marks omitted)—by filing a motion under Rule 60(b)(3). This we cannot countenance. As we stated in *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012), "[A] Rule 60(b) motion is actually a second-or-successive petition if the success of the motion

depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." Defendant's purported Rule 60(b) motion is such a motion and must be treated as a second-or-successive § 2255 motion.

To avoid further proceedings on this matter, however, we will treat Defendant's pleadings in this case as an implied application for leave to file a second § 2255 motion. *See Nelson*, 465 F.3d at 1149. A court of appeals will authorize a successive motion only if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant alleges neither newly discovered evidence nor a new rule of law that applies retroactively. Accordingly, we deny authorization to file a second-or-successive motion.

We DISMISS the appeal and REMAND with instructions to the district court to dismiss Defendant's purported Rule 60(b) motion for lack of jurisdiction. We also DENY authorization to file a second-or-successive § 2255 motion, and we DENY Defendant's requests to proceed *in forma pauperis* and to take judicial notice.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5