FILED
United States Court of Appeals
Tenth Circuit

June 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

G. Z. HAMMOND,

     Plaintiff - Appellant,

v.

PILLAR PROPERTIES SERVICES, LLC,

     Defendant - Appellee.

No. 16-1096
(D.C. No. 1:15-CV-02601-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    G.Z. Hammond, an inmate in the Denver County Jail, sought a preliminary injunction against his landlord for violations of the Fair Housing Act. When Mr. Hammond failed to comply with repeated orders to cure deficiencies in his pleadings, a magistrate judge dismissed Mr. Hammond's action without prejudice for failure to prosecute. Mr. Hammond now appeals. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Hammond is incarcerated in the Denver County Jail in Denver, Colorado.  On November 18, 2015, he filed in federal district court a letter requesting a preliminary injunction against Pillar Properties Services, LLC, which had allegedly evicted and discriminated against him in violation of the Fair Housing Act.  A magistrate judge entered an order, dated November 30, 2015, that informed Mr. Hammond his submission was deficient because it (1) did not include a 28 U.S.C. § 1915 motion requesting leave to proceed *in forma pauperis* ("*ifp*"), and (2) did not contain a complaint, petition, or application for a writ of habeas corpus.  The order gave Mr. Hammond 30 days to cure these deficiencies, failing which his action would be dismissed without prejudice.

On December 23, 2015, Mr. Hammond filed (1) a letter addressed to the magistrate judge, (2) a request to proceed *ifp* on appeal in a habeas corpus action, and (3) an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  His habeas application alleged Pillar Properties had rendered "denial of service, unequal treatment, failure to accommodate, unequal treatment based on harassment, retaliation and because I'm heterosexual."  ROA at 27.  It also requested a 90-day injunction against Pillar Properties.

The next day, the magistrate judge entered another order explaining Mr. Hammond's claims were not cognizable in a habeas application because they "do not relate to his confinement" but rather "to an alleged eviction."  ROA at 31.  The order instructed Mr. Hammond to re-file his claims in a proper civil complaint or else face dismissal without prejudice in 30 days.

Mr. Hammond filed additional letters with the court on December 28, 2015, and January 4, 2016, the latter stating he had been in segregation since December 10th. On January 19, 2016, he filed yet another letter requesting an extension of time, which the magistrate judge granted on January 20, 2016. The magistrate judge's January 20, 2016 order advised Mr. Hammond that his action would be dismissed without prejudice if he did not submit an *ifp* motion and proper complaint within 30 days.

After Mr. Hammond failed to respond to this order, the district court on February 26, 2016, dismissed his action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Because it concluded any appeal would not be taken in good faith, the court also denied leave to proceed *ifp* on appeal. The court entered judgment in favor of Pillar Properties the same day. Mr. Hammond filed a timely notice of appeal on March 28, 2016. *See* Fed. R. App. P. 4(a)(1)(A).

## II. **DISCUSSION**

Mr. Hammond brought Fair Housing Act claims in a filing labeled an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Whether we construe his pleadings as a § 2241 habeas application or a civil complaint, he is not entitled to relief.

### A. *Habeas Application*

1. **Background Law**

"Habeas corpus review is available under § 2241 if an individual is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quoting § 2241(c)(3)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the

- 3 -

legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Id.* (quotations omitted). In this circuit, state prisoners may also use § 2241 to challenge "the execution of [their] sentence[s]." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

"[A] state prisoner seeking to appeal the denial of habeas relief in a § 2241 proceeding must obtain a COA to appeal." *Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007); *see* 28 U.S.C. § 2253(c)(1)(A). When the district court dismisses the application on procedural grounds, a COA is available only if the prisoner "demonstrate[s] both that reasonable jurists would debate the correctness of the district court's procedural ruling and that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"[A] notice of appeal constitutes a request for a certificate of appealability." 10th Cir. R. 22.1(A).

2. **Analysis**

To the extent Mr. Hammond's pleading should be construed as a habeas application, it does not challenge either the validity of his conviction or the execution of his sentence. It therefore does not state a claim cognizable under § 2241. *See Palma-Salazar*, 677 F.3d at 1035.

Even if Mr. Hammond's claim could be brought in a habeas application, he has not shown that jurists of reason could debate whether he has stated a claim of the denial of a constitutional right. Indeed, the rights he claims were violated derive from statute,

not the Constitution. Nor has he shown, or even attempted to show, that reasonable jurists could debate the correctness of the district court's procedural ruling dismissing his application without prejudice under Rule 41(b). Mr. Hammond therefore is not entitled to a COA to appeal the district court's denial of his application. *Lopez*, 628 F.3d at 1231.

## B. *Civil Complaint*

### 1. **Background Law**

"A district court may dismiss an action sua sponte '[i]f the plaintiff fails to prosecute or to comply with these [procedural] rules or a court order.'" *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b)) (brackets in original). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." *Id.*

"We have identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Rule 41(b)." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "By contrast, a district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Id.* at 1143 n.10 (quotation omitted)).

"This Court reviews for an abuse of discretion a district court's decision to dismiss an action for failure to prosecute." *Id.* at 1143. "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances. A district court also abuses its discretion when it issues an arbitrary,

- 5 -

capricious, whimsical, or manifestly unreasonable judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quotations omitted).

2. **Analysis**

To the extent Mr. Hammond's pleading should be construed as a civil complaint, the district court did not abuse its discretion in dismissing that complaint under Rule 41(b). The court gave Mr. Hammond multiple opportunities to cure the deficiencies in his pleading, warning him each time that failure to do so within 30 days would result in dismissal without prejudice. The court even granted Mr. Hammond's request for an extension of time. When Mr. Hammond still failed to comply with the court's orders, the court was free to dismiss his complaint. *See Davis*, 571 F.3d at 1063 (explaining that in context of dismissal with prejudice, "constructive notice—that is, notice . . . objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words) is adequate to support dismissal" (ellipsis in original) (quotation omitted)). By dismissing without prejudice, thereby leaving Mr. Hammond the opportunity to file a fresh complaint, the district court did not "clearly err[] or venture[] beyond the limits of permissible choice under the circumstances." *Birch*, 812 F.3d at 1247 (quotation omitted).

### III. **CONCLUSION**

For the foregoing reasons, we (1) deny Mr. Hammond a COA or, in the

alternative, (2) affirm the district court.  We therefore dismiss this case.  Mr. Hammond's

motion to proceed *ifp* is denied.


ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge