FILED
United States Court of Appeals
Tenth Circuit

February 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW NEIL ATKINS,

     Petitioner - Appellant,

v.

RANDY LIND, Acting Warden;
CYNTHIA H. COFFMAN, Attorney
General for the State of Colorado,

     Respondent - Appellee.

No. 16-1415
(D.C. No. 1:16-CV-00859-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Andrew Neil Atkins is serving a 20-year-to-life sentence in Colorado for

convictions of sexual assault upon a child. Following his unsuccessful appeal and

collateral review attempts in the Colorado courts, he applied for federal habeas relief

under 28 U.S.C. § 2254.

The district court dismissed the application with prejudice, holding it is time-

barred and not entitled to equitable tolling. Mr. Atkins moved for reconsideration under

---

     * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Federal Rule of Civil Procedure 59(e), arguing his application should be considered timely "due to the circumstances surrounding the Law Library schedules, ability to photocopy any and all documents necessary . . . and the extended research necessary in this particular case due to . . . [his] handicap." Dist. Ct. Doc. 13 at 1-2.

The district court denied the Rule 59(e) motion because Mr. Atkins failed to support "such conclusory allegations with specific facts" and noted such allegations, even if supported, would not likely be "extraordinary circumstances" for equitable tolling under Tenth Circuit case law. Dist. Ct. Doc. 14 at 3-4.

Mr. Atkins, proceeding pro se,[1] argues here that his trial counsel was ineffective, he did not receive a fair trial, and his confrontation rights were violated, Aplt. Br. at 3-4—the same claims in his § 2254 application. But, although he states that "Applicant filed a timely Habeas application" and "has followed every timeline set before him to follow," *id*. at 1, Mr. Atkins does not contest the district court's analysis that he filed his application beyond the one-year statute of limitations under 28 U.S.C. § 2244(d), much less provide any analysis of his own, and does not mention equitable tolling at all.

Mr. Atkins must receive a certificate of appealability ("COA") from this court to appeal the denial of his § 2254 application. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Atkins a COA because he has failed to show "that jurists of reason would

---

[1] Because Mr. Atkins appears pro se, we afford his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007).

We also deny Mr. Atkins's motion for *in forma pauperis* status and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge