**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

ANTONE LAMANDINGO KNOX,

    Petitioner - Appellant,

v.

TOMMY SHARP, Warden,

    Respondent - Appellee.

No. 20-7016
(D.C. No. 6:19-CV-00052-RAW-KEW)
(E.D. Okla.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————————

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
———————————————————

    Applicant Antone Lamandingo Knox, a pro se litigant in the custody of the

Oklahoma Department of Corrections (ODC), requests a certificate of appealability

(COA) to challenge the denial by the United States District Court for the Eastern District

of Oklahoma of his application for relief under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring COA for state prisoner to appeal); *Dulworth v. Jones*, 496

F.3d 1133, 1135 (10th Cir. 2007) ("[A] state prisoner seeking to appeal the denial of

habeas relief in a § 2241 proceeding must obtain a COA to appeal."). Because no

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasonable jurist could debate the correctness of the district court's decision, we deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Both Applicant's application in district court and his brief in this court are virtually incomprehensible. The district court went well beyond its duty to construe the pro se pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and read the application as: (1) arguing that Applicant was improperly charged by the prison with possessing a contraband cellphone; (2) arguing that he is being illegally restrained; and (3) "complaining about his medications, injuries resulting from a stabbing, [denial of] program participation, [denial of] legal research assistance, [denial of] free speech, [denial of] equal protection, [] his placement in the disciplinary unit or H-Unit," and the handling of grievances unrelated to his cellphone misconduct. R. at 128. The district court properly rejected the first claim because the misconduct charge was dismissed, no disciplinary action was taken, and consequently there was no effect on the execution of Applicant's sentence. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (a

2

§ 2241 application attacks "the execution of a sentence . . ." (internal quotation marks omitted)). It likewise properly rejected the second claim because Applicant failed to allege how his sentence was being executed unconstitutionally. And it properly rejected the third set of claims because they had to be presented in a civil-rights complaint under 42 U.S.C. § 1983, not a habeas action, since they concern the conditions of confinement. *See McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (ellipsis and internal quotation marks omitted)).

From what we can decipher in Applicant's appellate brief, he presents no reasoned challenge to the rulings by the district court and has apparently abandoned many of the issues he raised below. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) ("The failure to raise an issue in an opening brief waives that issue."). Also, it appears that Applicant may be raising in this court some issues not raised below. To the extent he does so, we decline to review them. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) ("[W]e will generally not consider issues raised on appeal that were not first presented to the district court.").

No reasonable jurist could debate the correctness of the district court's disposition of Applicant's application.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge