**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL DON LEATHERWOOD,

    Petitioner - Appellant,

v.

JEORLD BRAGGS, JR.,

    Respondent - Appellee.

No. 20-6106
(D.C. No. 5:19-CV-01140-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Michael Leatherwood, a state prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal the dismissal by the United States District Court for the

Western District of Oklahoma of his application for relief under 28 U.S.C. § 2241. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring COA for state prisoner to appeal); *Dulworth v.*

*Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007) ("[A] state prisoner seeking to appeal the

denial of habeas relief in a § 2241 proceeding must obtain a COA to appeal."), *abrogated*

*in part on other grounds by Harbison v. Bell*, 556 U.S. 180 (2009). We deny the request

for a COA and dismiss the appeal.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2009 Mr. Leatherwood pleaded guilty to six counts of rape in Oklahoma state court and was sentenced to 20 years in prison, with all but 90 days to be suspended. After Mr. Leatherwood violated a condition of his probation prohibiting him from having a romantic relationship with any person who has minor children, Judge Kenneth Watson revoked five years of the suspended sentence. Several months later, in August 2010, another Oklahoma state judge revoked the remaining 15 years of Mr. Leatherwood's suspended sentence because Mr. Leatherwood had continued to maintain a relationship with a person who had minor children.

In 2013 Mr. Leatherwood filed his first application for habeas relief under 28 U.S.C. § 2241, challenging the second revocation of his suspended sentence—the one for 15 years. The district court denied the application, and we affirmed. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1051 (10th Cir. 2017).

On December 6, 2019, Mr. Leatherwood filed a second application for habeas relief under § 2241. He raised three claims in his application: (1) he was denied due process when the state court based the revocation of his suspended sentence on violations of the conditions of his probation while he was incarcerated; (2) his counsel at the revocation hearing was constitutionally ineffective; and (3) the state courts violated his right to due process in improperly disposing of his claims during postconviction proceedings. Recognizing that this court had ruled against him on his first application under § 2241, Mr. Leatherwood contends that his second application is justified by three pieces of new evidence: (1) a 2015 affidavit of Justin Jones, former director of the Oklahoma Department of Corrections, stating his opinion that Mr. Leatherwood would

2

not have been subject to conditions of probation while in prison; (2) a 2016 affidavit of Judge Watson attesting that the judge did not warn Mr. Leatherwood that his probation conditions would apply while Mr. Leatherwood was incarcerated; and (3) a "concession" by counsel for Oklahoma made during the March 23, 2017 oral argument in Mr. Leatherwood's first appeal to this court that two cases upon which the State had previously relied did not unequivocally hold that a probation condition can apply to an incarcerated individual.

The district court concluded that Mr. Leatherwood's second application was untimely, dismissed the application, and declined to grant a COA. Mr. Leatherwood then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which concerned the timeliness of his § 2241 application. It was denied by the district court. Mr. Leatherwood now seeks a COA from this court with respect to both the initial dismissal of his application and the denial of his Rule 60(b) motion.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, as was the case here, the applicant faces a double hurdle. Not only must the

3

applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We deny Mr. Leatherwood's request for a COA, although our reasons do not precisely track those of the district court. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("[W]e have discretion to affirm on any ground adequately supported by the record.").

## A. Due Process

Mr. Leatherwood asserts that his due-process rights were violated when the Oklahoma court revoked the remaining 15 years of his suspended sentence, because he did not receive notice that he was subject to conditions of probation while he was in prison. He raised this same claim in his initial § 2241 application, and we rejected it on the merits, largely because of statements made by Judge Watson at the first revocation hearing. *See Leatherwood*, 861 F.3d at 1046–48. We do so once again. Mr. Leatherwood's "new evidence" does not undermine the reasoning of our prior opinion. The affidavit of Judge Watson regarding what he did not say at the revocation hearing is of no moment, because we had, and relied on, a transcript of the hearing during our prior review. As for the Jones affidavit and the State's concession at oral argument, Mr. Leatherwood suggests that they prove that he could not have known he was subject to those conditions. But they prove no such thing. They are irrelevant to what Mr. Leatherwood had been informed of; he could have known nothing of the affidavit or the concession when he violated the conditions of probation. They may be relevant to the

4

state of the law in Oklahoma at the time of his violations, but that is not at issue. The Oklahoma courts have resolved against Mr. Leatherwood his claim that the revocation of his probation was contrary to state law. The only question is whether he was adequately apprised of what the law was. And we have no reason to change our analysis on that issue from what we decided in Mr. Leatherwood's earlier appeal.

### B. Ineffective Assistance of Counsel

Mr. Leatherwood's second claim is that his counsel was constitutionally ineffective in two respects at the August 2010 revocation hearing. First, relying on the State's "concession," he alleges that his attorney was ineffective because the attorney "stipulated to the State's argument on the case law, which the State now concedes is incorrect." Aplt. Br. at 39. But in affirming Mr. Leatherwood's sentence after the second revocation, the Oklahoma Court of Criminal Appeals in effect held that his counsel had stipulated to a correct statement of the law. Counsel is not ineffective for failure to advance a legally incorrect argument. *See Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) ("[O]f course, if the issue is meritless, its omission [by counsel] will not constitute deficient performance.").

Mr. Leatherwood's second basis for alleging ineffective assistance of counsel is that his attorney was ineffective for failing to call Mr. Jones and Judge Watson to testify at the August 2010 revocation hearing. But in arguing that his second § 2241 application is not untimely, Mr. Leatherwood has asserted that the evidence provided in the Jones and Watson affidavits only became "available subsequent to the [2015] resignation of Judge Watson, and subsequent to the [2013] resignation of Justin Jones as Director of the

5

Oklahoma Department of Corrections." Aplt. App., Vol. I. at 24. Of course, if, as Mr. Leatherwood contends, Mr. Jones and Judge Watson were not available to give evidence until several years after the August 2010 revocation hearing, then Mr. Leatherwood's attorney could not have been ineffective for failing to call them as witnesses at that hearing.

### C.   Due Process II

Mr. Leatherwood's third claim for habeas relief is that the Oklahoma courts violated his due-process rights when they rejected his postconviction claims as barred by res judicata without adequately considering his new evidence. But this is not a proper claim for federal habeas relief. "[B]ecause the constitutional error [Mr. Leatherwood] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).

### D.   Rule 60(b) Motion

In light of our ruling on the merits of the § 2241 application, the denial of the Rule 60(b) motion was also correct.

For the above reasons, we conclude that reasonable jurists could not debate whether Mr. Leatherwood's § 2241 application or Rule 60(b) motion should have been

6

resolved in a different manner by the district court.  Accordingly, we **DENY** a COA and

**DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge