FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

February 7, 2025

**Christopher M. Wolpert**
**Clerk of Court**

_____

DARYL A. HESS,

    Petitioner - Appellant,

v.

CHRISTE QUICK, Warden,

    Respondent - Appellee.

No. 24-5129
(D.C. No. 4:10-CV-00435-GKF-TLW)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Daryl A. Hess, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order denying in part and dismissing in

part his motion for relief under Federal Rule of Civil Procedure 60(b)(6).  We deny a

COA and dismiss this matter.

In 2009, Mr. Hess pled guilty in Oklahoma state court to robbery with a firearm

and kidnapping.  The trial court sentenced him to 20 years on each count, to be served

concurrently with each other and with the sentence in another case.  Mr. Hess did not

appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

He next filed a 28 U.S.C. § 2254 habeas petition in which he asserted two claims: (1) he was incompetent to enter a guilty plea, and (2) defense counsel coerced him into pleading guilty. The district court denied Mr. Hess's habeas petition in 2013. Although he sought a COA to appeal that decision, this court denied his request.

In 2024, Mr. Hess filed what the district court treated (at his request) as a Rule 60(b)(6) motion for relief from the 2013 habeas judgment. The district court dismissed the motion in part for lack of jurisdiction, concluding that some of Mr. Hess's arguments amounted to unauthorized second or successive § 2254 habeas claims. And it denied the motion in part, finding no merit to the argument it viewed as properly raised under Rule 60(b)(6). Mr. Hess now seeks a COA to appeal the district court's order.

To obtain a COA from the district court's procedural rulings, Mr. Hess must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

---

[1] We have explained that the denial of a Rule 60(b) motion in the context of a habeas petition is a procedural ruling subject to *Slack*'s two-part COA standard. *Dulworth v. Jones*, 496 F.3d 1133, 1137-38 (10th Cir. 2007), *abrogated in part on other grounds by Harbison v. Bell*, 556 U.S. 180 (2009). The district court's decision to construe a pleading as a second or successive § 2254 claim and to dismiss it for lack of jurisdiction is also a procedural ruling subject to the *Slack* standard. *Cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (treating as a procedural ruling subject to the *Slack* standard the district court's decision to construe a Federal Rule of Civil Procedure 50 motion as a successive 28 U.S.C. § 2255 claim and dismiss it for lack of jurisdiction).

2

A prisoner may not file a second or successive § 2254 habeas petition unless he first receives authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) argument should be treated as a second or successive § 2254 habeas claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) argument should not be treated as a second or successive § 2254 claim if it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or . . . challenges a defect in the integrity of the federal habeas proceeding." *Id.* at 1216.

Mr. Hess argued in the first ground for relief in his Rule 60(b)(6) motion that the district court was wrong in ruling he had not shown his entitlement to an evidentiary hearing. The district court construed this argument as properly seeking relief under Rule 60(b)(6) because it alleged a defect in the integrity of the habeas proceeding. But "a movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation marks omitted). And the district court found "no extraordinary circumstances exist that warrant relief from judgment under Rule 60(b)(6) based on this Court's denial of [Mr. Hess's] request for an evidentiary hearing." Suppl. R. at 39.

3

In his COA application, Mr. Hess argues the district court abused its discretion in determining his case did not constitute extraordinary circumstances. But he raises new arguments related to extraordinary circumstances that he did not present to the district court. *Compare* COA Appl. at 10-12 *with* Suppl. R. at 13-15, 30-31. In his filings in district court, he referenced "extraordinary circumstances" only once and simply made the conclusory assertion that "*Artuz v. Bennett*, 121 S. Ct. 361 (2000) provides for review in extraordinary circumstances, of which this case meets," Suppl. R. at 31. "We have long applied the rule that we do not consider issues not raised in the district court to bar not only a bald-faced new issue presented on appeal, but also situations where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented below." *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) (brackets and internal quotation marks omitted). Because Mr. Hess's argument about extraordinary circumstances in his COA application was not raised in district court, it is waived.[2]

In the second, third, and fourth grounds for relief in his Rule 60(b)(6) motion, Mr. Hess argued: his equal protection and due process rights were violated when he entered an unknowing and unintelligent guilty plea; he is actually innocent; and he was denied his right to counsel. The district court construed this part of Mr. Hess's motion as

---

[2] In his COA application, Mr. Hess does repeat the argument he made in his Rule 60(b)(6) motion—that the district court was wrong to conclude he was not entitled to an evidentiary hearing on his habeas petition. *See* COA Appl. at 17-19. But that argument does not show how reasonable jurists could debate the district court's decision to deny his Rule 60(b)(6) argument based on his failure to demonstrate extraordinary circumstances warranting relief from the habeas judgment.

a second or successive habeas petition "because grounds two, three, and four 'in substance or effect assert or reassert a federal basis for relief from his underlying convictions.'" Suppl. R. at 38 (brackets omitted) (quoting *Spitznas*, 464 F.3d at 1215). Because Mr. Hess had not received authorization to bring these successive claims and instead had been denied authorization by this court in June 2023, the district court dismissed this portion of the motion for lack of jurisdiction.

In his COA application, Mr. Hess contends the district court should not have construed any of his claims as unauthorized second or successive habeas claims. But he also admits "[t]hose claims [were] raised in the original habeas petition but [he] was unable to fashion a correct legal argument to support [them]." COA Appl. at 13. Mr. Hess acknowledges, and we agree, that he is reasserting claims seeking a federal basis for relief from his underlying convictions. He therefore cannot show that reasonable jurists could debate the district court's procedural ruling construing these claims as unauthorized second or successive claims and dismissing them for lack of jurisdiction.

In the remainder of his COA application, Mr. Hess reasserts grounds two, three, and four from his underlying Rule 60(b)(6) motion. None of these grounds for relief address the district court's disposition of his Rule 60(b)(6) motion and so they cannot demonstrate his entitlement to a COA.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk